# Hilliard *v.* Sterlingworth Railway Supply Company.

*Appeals—Interlocutory order—Quashing appeal.*

An order dismissing a petition for an order to suspend a receiver's sale until the receiver files an account is an interlocutory order from which no appeal lies.

Argued March 9, 1909. Appeal, No. 327, Jan. T., 1908, by F. W. Coolbaugh, receiver in bankruptcy, from decree of C. P. Northampton Co., April T., 1907, No. 1, refusing to suspend order of sale in case of Clinton Hilliard et al. v. Sterlingworth Railway Supply Company. Before Fell, Brown, Mestrezat, Elkin and Stewart, JJ. Appeal quashed.

Petition to suspend order of sale.

The facts appear by the opinion of Stewart, P. J., which was as follows:

This is a petition by Frank W. Coolbaugh, receiver appointed by the United States court to restrain W. J. Kuebler, receiver of this court, from executing an order of sale of the defendant's property "until the filing of a formal account and the audit thereof." And that the said W. J. Kuebler, receiver, be restrained from making any public or private sale of the property and assets of the defendant company, other than in the

usual course, etc. We suppose what is wanted is to stop the sale of defendant's property advertised to be sold by the receiver under an order of this court. We yesterday filed our views in a memorandum which is now made part of this opinion. We are not embarrassed in our previous action by any subsequent reading of the present petition and affidavits. The averments of the present petition relating to the value, extent and importance of this plant and the prophecies as to the future are what we have read and heard from the inception of these proceedings. It is an insult to this court to think that we do not understand this situation, especially after the hearings we have had, which involved every phase of this company, its organization, its internal troubles, its value, its liabilities; everything has been before us in a judicial way and now under the guise of a new appointment, this matter is seriously treated by counsel as if it was a case of first impression on the part of the court. The only new features are the affidavits which we were asked to consider. One gentleman modestly states that he thinks a sale hereafter will bring more than at present; another one thinks a sale will bring more in six or nine months. Three gentlemen swear that in their opinion "if sold next spring, would bring double, *if not more* (the italics are ours) than it would if sold sooner." And to end the list the last gentleman swears, "If sold a few months hence would yield three times as much as it would if sold at this time." It is encouraging to note most of them base their views upon the outcome of the recent election. In not one is there the possibility that times may become worse, that they may be mistaken. Such optimism is refreshing. Opinion evidence at the best is most uncertain, but rarely is there occasion to use it upon a matter so unsubstantial as the future condition of business. As to the criticisms upon the order the terms of this order were settled in open court, in the presence and with the assistance of counsel of all parties. The objections are unfounded. Everything about a receiver's sale is under the control of the court, and no sale will be confirmed if there is any irregularity in the proceedings. It would be improper for us to place on record our views with regard to the value of this

plant. Everything has been done to secure a good price. The matter of distribution of proceeds is entirely separate and no one is concluded by anything set out in the order of sale from making any claim or distribution that is proper. Application refused.

*Error assigned* was the decree of the court.

*Charles H. Edmunds, Samuel Scoville, Jr., John Sparhawk, Jr.,* and *Frank Reeder,* for appellant.

*John G. Johnson,* for Sterlingworth Railway Supply Company.

*H. J. Steele,* with him *F. W. Edgar,* for appellee.

PER CURIAM, March 15, 1909:

We have concluded after due consideration that this is an appeal from an interlocutory order, and under our decisions must be quashed. The order of sale heretofore made and from which this appeal was taken is necessarily expended and cannot now be executed. If an alias order of sale be applied for an opportunity will be given by the court in banc for the interested parties to be heard so that the propriety as well as the necessity of renewing the order at this time may be determined. Such order of sale, or other decree, can then be made as will best protect and conserve the interests of all parties concerned under present conditions.

Motion to quash sustained and appeal quashed.